UNIFUND CCR PARTNERS,
Petitioner,

v.

Kenneth F. WEAVER, Respondent.

No. 07–0682.

Supreme Court of Texas.

Aug. 29, 2008.

Rehearing Denied Oct. 10, 2008.

Brian Edward Staley, Andrew Edward Lemanski, Hull & Associates, P.C., Houston, TX, for Petitioner.

Kenneth F. Weaver, Waco, TX, pro se.

PER CURIAM.

Unifund CCR Partners sued Kenneth Weaver to recover an unpaid credit card debt. Unifund attached to its citation requests for disclosure and admissions. Shortly after he was served, Weaver, acting pro se, filed a letter answer with his responses to the requests attached. Weaver's response to each request for admission was identical: "DEFENSE: TEXAS CIVIL PRACTICE & REMEDIES {SECTION 16.004 {A} {3},"" which is the four-year statute of limitations on debt collection actions. The face of the response shows a copy was sent to Unifund's attorney, and Weaver's signature appears underneath the text, "CERTIFICATE OF SERVICE." But the record does not show that Weaver actually served Unifund with his responses. TEX.R. CIV. P. 198.2(a) (requiring that the responding party serve written response on the requesting party).

Unifund filed a motion for summary judgment asserting that the facts set out in its requests for admissions were automatically admitted when Weaver failed to timely serve his responses. TEX.R. CIV. P. 198.2(c) (considering request admitted if no timely response served). Along with its motion, Unifund filed an affidavit from its attorney supporting its claim that Weaver failed to serve it with a response to its requests for admissions. Weaver did not file a response to the summary judgment motion, and it was granted by the trial court. Weaver appealed, asserting in his brief that he had served his responses timely. The court of appeals reversed the trial court's judgment because Weaver's responses to Unifund's request for admissions were on file when the summary judgment motion was granted. 231 S.W.3d 441, 442–43 (Tex.App.-Waco 2007). We reverse for two reasons.

First, Weaver failed to raise a fact issue regarding his claim that he timely served his responses. Although Weaver's certificate of service raised a presumption of service under Texas Rule of Civil Procedure 21a, Unifund rebutted that presumption with the affidavit asserting that it was not timely served within the fifty days prescribed by Rule 198.2(a). *See Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987); *see also Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex.2005) (per curiam). And while Weaver claims in his brief that his responses were timely served, "we do not consider factual assertions that appear solely in briefs and are not supported by the record." *Marshall v. Hous. Auth. of San Antonio,* 198 S.W.3d 782, 789 (Tex. 2006).

The first time Weaver asserted that he properly served Unifund by filing his responses with the court was in a post-judgment filing. However, a party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-judgment. *See* TEX.R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *see also McConnell v. Southside Indep. Sch. Dist.*

858 S.W.2d 337, 341, 343 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Moreover, even if we broadly construe Weaver's post-judgment filing, Weaver waived his right to challenge the deemed admissions. In *Wheeler v. Green*, we acknowledged that, under special circumstances, a party could bring a request to withdraw deemed admissions for the first time in a motion for new trial. 157 S.W.3d 439, 442 (Tex. 2005) (per curiam) ("[E]quitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before judgment and has other avenues of relief available."). In *Wheeler*, a pro se party responded to a request for admissions two days after the Rule 198.2(a) deadline because of a misunderstanding regarding the "mailbox rule." *Id.* at 441–42. The requesting party filed a motion for summary judgment asserting a failure to respond. *Id.* at 441. In that case, the requesting party had in fact been served with the response, albeit untimely. *Id.* We concluded that "nothing in [the] record suggest[ed] that before summary judgment was granted, [the responding party] realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Id.* at 442. As a result, we held the that responding party was entitled to raise the issue of the mistake for the first time in her motion for new trial. *Id.* In contrast, even if we construe Weaver's post-judgment filing as a motion for new trial, Unifund's motion for summary judgment put him on notice of the deficiency of his response: that Unifund never received the response because Weaver had not served, or attempted to serve, the response on Unifund. *See Mathis*, 166 S.W.3d at 744–46 (discussing standard for granting a new trial); *Stoner v. Thompson*, 578 S.W.2d 679, 684–85 (Tex.

1979). Weaver knew of his mistake before judgment and could have responded to Unifund's motion, but because he did not, he waived his right to raise the issue thereafter.

The second reason we reverse is that Weaver's responses, even if they could be considered, are not proper objections to the requests. The court of appeals held that Weaver's responses to the requests for admissions could, "indulging every reasonable inference in [his] favor," be construed as objections. 231 S.W.3d 441, 443 n. 1. We disagree. To constitute a valid objection, a party "must state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request." Tex.R. Civ. P. 193.2(a). Citing the four-year statute of limitations on debt actions is not a proper objection. A limitations defense is an affirmative defense, which is in the nature of a confession and avoidance. Tex.R. Civ. P. 94. As such, it must be asserted in a pleading. Tex.R. Civ. P. 45; *see also In re L.A.M. & Assocs.*, 975 S.W.2d 80, 84 (Tex.App.-San Antonio 1998, orig. proceeding). Accordingly, we grant Unifund's petition for review and, without hearing oral argument, reverse the court of appeals' judgment and render judgment in favor of Unifund. *See* Tex.R.App. P. 59.1.