In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00030-CV


____________________



GEORGE THOMAS, Appellant



V.



SELECT PORTFOLIO SERVICING, INC., U.S. BANK NATIONAL


ASSOCIATION TRUST, AND BALBOA INSURANCE GROUP, Appellees 


 




On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV23,739






OPINION


 

 George Thomas appeals the summary judgment granted to Select Portfolio Servicing,
Inc. ("Select"), U.S. Bank National Association Trust as Trustee for EQCC Home Equity
Loan Trust 1993-3 ("U.S. Bank"), and Balboa Insurance Group (hereinafter "Meritplan"). (1) 
We hold that the summary judgment in favor of Select and U.S. Bank was improperly
granted on deemed admissions, and that the summary judgment in favor of Meritplan
improperly cast Thomas's negligence claim to recover for property damage incurred during
a post-hurricane inspection as a claim for negligent claims handling. Accordingly, we
reverse the summary judgment and remand the case to the trial court.

 Thomas represented himself in the trial court. His pleadings alleged that Select and
U.S. Bank negligently caused Thomas to lose personal property during the course of a post-foreclosure eviction. Thomas alleged that Meritplan caused damage to his roof when they
dismantled a blue tarp while inspecting hurricane damage.

 Answering Select's and U.S. Bank's requests for admissions, Thomas wrote
"objection" for twenty-one of the thirty-three requests without identifying his actual
objection. The remaining responses stated neither "admit" nor "deny" but contained
sometimes lengthy explanations and objections. The trial court granted Select's and U.S.
Bank's motion to deem the requests admitted, denied Thomas's motion to withdraw the
deemed admissions, and granted Select's and U.S. Bank's motion for summary judgment
based solely upon the deemed admissions.

 Meritplan's motion for summary judgment attached as summary judgment evidence
a copy of the insurance policy on Thomas's property. The mortgage protection policy
insured Select's interest in the property, and Thomas was not a named insured. Meritplan's
motion for summary judgment argued that, as a stranger to the insurance policy, Thomas
could not assert a claim for breach of contract; that Thomas lacked standing to assert claims
under the Insurance Code and Deceptive Trade Practices Act because he was neither an
insured nor a consumer; and that the lack of privity precluded Thomas from asserting a claim
for negligent claims handling. In his response, Thomas argued that he was in part
complaining that an agent for the insurer climbed on the roof and caused damage by
dismantling the blue tarp installed by FEMA. The trial court granted Meritplan's motion for
summary judgment and entered a final take-nothing judgment as to all claims and parties.

 Now represented by counsel, on appeal Thomas contends the trial court erred in
failing to order Thomas to answer the requests as opposed to deeming them admitted. He
also argues that the trial court erred in deeming admitted requests that were effectively
denied. Rule 198 governs requests for admissions. See Tex. R. Civ. P. 198. "Unless the
responding party states an objection . . . , the responding party must specifically admit or
deny the request or explain in detail the reasons that the responding party cannot admit or
deny the request." Tex. R. Civ. P. 198.2(b). "A response must fairly meet the substance of
the request." Id. "The responding party may qualify an answer, or deny a request in part,
only when good faith requires." Id.

 Although the instructions that accompanied the requests for admissions advised
Thomas to answer "separately and fully in writing, under oath," instructed that each answer
must be preceded by the question, informed Thomas that he had a duty to supplement his
responses and that failure to respond could result in exclusion of his evidence at trial.

 Most of Thomas's objections are improper because they fail to state the legal or
factual basis for each objection, as required by Rule 193.2(a). See Unifund CCR Partners
v. Weaver, 262 S.W.3d 796, 798 (Tex. 2008) (citing Tex. R. Civ. P. 193.2(a)). Other
objections do have a stated basis. In response to a request for an admission that Thomas had
filed a federal lawsuit against Select, Thomas objected that the information was not relevant. 
In response to a request that he admit that he has no written documents evidencing his
ownership of any personal property he claimed was stolen or damaged, Thomas objected that
the whole neighborhood saw his belongings on the street. Thus, it appears that Thomas was
objecting to the scope of the request. In another instance, Thomas responded "objection" but
then qualified his response. One request for admission asked Thomas to admit that he was
instructed to remove any personal property prior to when the constable secured the property
pursuant to the writ of possession. Thomas responded as follows:

 Few months prior to the [eviction] a constable called and left a message in my
answering machine about eviction. However, when I explained about the
appeal at the Supreme Court, he told me to keep him informed of all
negotiations. The negotiation continued until the final inspection through Mr.
Michael Clark. No reply was received after the offer of $22,000.00. No
proper notice was served.


In another qualified response, Thomas had been asked to admit that he "had no conversations
with Defendants." Thomas replied "Always corresponded."

 A number of responses did not say "denied" but nonetheless clearly denied the
requested admission. Asked to admit that a constable served him with a writ of possession,
Thomas said "no" and explained that he was out of town the day of the eviction. Asked to
admit that the defendants have not caused him damages of any kind, Thomas responded, "I
am not mentally retarded to say such things of vicious crimes did not happen." Thomas
continues with a rather fanciful response, then says, "You cheats have damaged me for the
rest of my life." To "[a]dmit that Defendants owe you no money", Thomas replied "Owe me
over $500,000.00 plus personal expenses!" When asked to admit that the allegations in his
petition are not true, Thomas responded that "[e]ach and every letter is true." When asked
to admit that U.S. Bank currently has good title to the property that was collateral for
Thomas's loan, Thomas replied "No."

 Rule 215.4 governs the consequences of a failure to adequately respond to a request
for admissions. Tex. R. Civ. P. 215.4.

 A party who has requested an admission under Rule 198 may move to
determine the sufficiency of the answer or objection. For purposes of this
subdivision an evasive or incomplete answer may be treated as a failure to
answer. Unless the court determines that an objection is justified, it shall order
that an answer be served. If the court determines that an answer does not
comply with the requirements of Rule 198, it may order either that the matter
is admitted or that an amended answer be served. The provisions of Rule
215.1(d) apply to the award of expenses incurred in relation to the motion.


Tex. R. Civ. P. 215.4(a) (footnote omitted).

 Here, the trial court granted the motion to deem the admissions after seven days and
without conducting a hearing. For many of the requests for admission, Thomas's only
response had been an objection with no stated legal or factual basis, so the record supports
the trial court's implied finding that those responses are noncompliant with Rule 198. See
Tex. R. Civ. P. 198.2(b). Therefore, we must determine whether the trial court abused its
discretion in deeming the admissions rather than ordering Thomas to answer the requests,
and, if the trial court could deem the admissions, whether the trial court erred in refusing to
allow the deemed admissions to be withdrawn and answered and in granting summary
judgment based upon the deemed admissions.

 A trial court's discretion is limited by due process. See Wheeler v. Green, 157 S.W.3d
439, 443 (Tex. 2005). "When requests for admissions are used as intended--addressing
uncontroverted matters or evidentiary ones like the authenticity or admissibility of
documents--deeming admissions by default is unlikely to compromise presentation of the
merits." Id. (citation omitted). Due process concerns arise when a party uses deemed
admissions to preclude presentation of the merits of a case. Id. Here, the trial court deemed
admitted those requests that asked Thomas to agree to the genuineness of certain documents. 
However, the trial court also deemed admitted such statements as "Defendants have not
caused you damages of any kind," "that Defendants owe you no money," "the allegations in
your Petition in this lawsuit are not true," and "all causes of action alleged by you against
Defendants are unsupported by any admissible evidence." The deemed admissions form the
sole ground for Select's and U.S. Bank's motion for summary judgment. Wheeler warned
that case-determinative discovery sanctions are permissible only when there is evidence of
flagrant bad faith or callous disregard for the rules. Id. at 443-44. "[W]hen a rule itself turns
on an actor's state of mind (as these do here), application may require a different result when
the actor is not a lawyer." Id. at 444.

 The record does not support a finding that Thomas acted in bad faith and with callous
disregard for the rules. While the state of mind of a litigant cannot lessen his burden of
proof, it does bear upon whether his failure to lodge proper objections to the requests is
attributable to bad faith or callous disregard for the rules. Furthermore, Thomas did deny
several of the requests upon which Select and U.S. Bank based their motion for summary
judgment. Those admissions were deemed because Thomas offered a rambling explanation
for his answer instead of using the word "denied." Moreover, in Unifund, the pro se litigant
persisted in failing to serve his responses on the requesting party after being notified of the
deficiency in his response. Unifund, 262 S.W.3d at 798. Here, as was the case in Wheeler,
Thomas attempted to rectify his error and respond to all of the requests. (2) See Wheeler, 157
S.W.3d at 441-42. Under the circumstances present in this case, the trial court erred in
granting summary judgment on deemed admissions without providing Thomas an
opportunity to withdraw the deemed admissions and supplement his responses. We sustain
issue one.

 In his second issue, Thomas contends the trial court erred in granting summary
judgment in favor of Meritplan. The trial court granted summary judgment on various breach
of contract and tort claims, only one of which Thomas has challenged on appeal. Thomas
argues that Meritplan's motion did not address his claim that Meritplan negligently damaged
Thomas's property. Thomas's petition alleged in part, as follows:

 During the process of evaluation, the insurance agents of Select
Portfolio Servicing[,] Inc., namely, Balboa Insurance Group, decided to
dismantle the blue tarp, installed by FEMA. They also walked on the roof and
extensively used the hammer on the roof, causing further damages to the roof. 
They failed to replace the roof with any sort of blue tarp to prevent further leak
of rain water inside the house, with a potential of further damaging the
Plaintiff's belongings.


Thomas's pleading on damages stated that he sought to recover "[f]or causing further
damages to the roof by removing the blue tarp installed by FEMA."

 Meritplan moved for summary judgment on Thomas's contract claims on the ground
that Thomas was not an insured. Meritplan moved for summary judgment on Thomas's tort
claims on grounds that: (1) the lack of an insurance contract between Thomas and Meritplan
precluded asserting a claim for breach of duty of good faith and fair dealing; (2) Thomas
lacked standing to assert claims under the Insurance Code because he was not an insured; 
(3) Thomas lacked standing to assert deceptive trade practices because he was not a
consumer; and (4) Thomas lacked standing to assert a negligence claim, as follows:

 Also in the alternative, assuming for argument[']s sake only, that
Plaintiff had an insurance contract with Defendant Meritplan, Plaintiff's
claims that Defendant Meritplan was negligent in its inspection or handling of
the claim fail as a matter of law. Texas law does not recognize a cause of
action for negligent claims handling in the first party context. Rather, Texas
courts hold that the only tort claims an insured may assert against its carrier
arising from claims handling are: (1) breach of the duty of good faith and fair
dealing, and (2) breach of the duty to exercise ordinary care and prudence in
considering an offer to settle with policy limits; i.e., a Stowers cause of action
in the third party context. All other actions, such as Plaintiff's claim for
negligent claims handling, if any, "have no legally independent basis and,
therefore, are regarded merely as actions for breach of contract." Therefore,
Plaintiff's negligence claim, if any, fails as a matter of law. (footnotes
omitted).


 On appeal, Meritplan argues the trial court properly granted summary judgment
because the only negligence claim Thomas pled was for negligent claims handling. 
Meritplan argues that if a general duty in the performance of services exists, Thomas could
not pursue a claim because the service it was performing was claims handling. Thomas
argues that when Meritplan entered onto his property to inspect in reference to its handling
of Select's insurance claim, it had a duty to not negligently damage Thomas's property.

 Meritplan reads Thomas's pleadings too narrowly. In a case in which the parties have
a contractual relationship, "[t]he nature of the injury most often determines which duty or
duties are breached." Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986). 
An injury restricted to economic loss to the subject of a contract itself sounds only in
contract. Id. Meritplan's agents are not alleged to have been on Thomas's roof for the
purpose of repairing it; rather, they were alleged to have been on Thomas's roof to evaluate
Select's insurance claim. Thomas alleges that Meritplan's agents damaged the roof while
they were on it. The agents may have been on the roof because the performance of
Meritplan's contract with Select required them to be there, but the injury alleged here is
unrelated to the amount payable under the insurance contract. The damages Thomas seeks
to recover are damages to the roof caused by Meritplan's agents, not the hurricane. (3) This is
an allegation of an injury arising out of common-law negligence, not contract. We sustain
issue two.

 We reverse the summary judgment and remand the case to the trial court for further
proceedings.

 REVERSED AND REMANDED.





 ____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on June 11, 2009

Opinion Delivered July 16, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. U.S. Bank contended it was improperly named. Balboa Insurance Company also
contended it was improperly named, and that its correct legal name is Meritplan Insurance
Company.
2. Thomas identified the wrong defendant in his response, but that mistake was brought
to the trial court's attention by Meritplan.
3. Thomas made other allegations that do sound in contract and do ask for economic
damages, but Thomas has abandoned those claims on appeal.