Affirmed and Memorandum Opinion filed May 19, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00293-CV

___________________

 

Emmitt Johnson and Johnson and Johnson
Enterprises Associates, Inc., Appellants

 

V.

 

Marilyn Lewis, Appellee



 



 

On
Appeal from the County Court at Law No. 2

Fort Bend County,
Texas



Trial Court Cause No. 09-CCV-038989

 



 

 

MEMORANDUM OPINION

            Appellants, Emmitt Johnson and Johnson and Johnson
Enterprises Associates, Inc. (“Johnson Enterprises”) appeal from the trial
court’s denial of their motion for new trial.  Finding no error, we affirm.

Factual and Procedural Background

            Johnson
Enterprises is a home remodeling business.  Johnson is the vice president of
Johnson Enterprises.  On December 2, 2008, appellee Marilyn Lewis contracted
with Johnson Enterprises to repair damage to her home allegedly caused by
Hurricane Ike.

Eventually a dispute
arose between appellee and Johnson Enterprises.  On June 26, 2009, appellee
filed her first amended petition in her lawsuit against both appellants in
County Court at Law No. 2 of Fort Bend County.[1] 
In her amended petition, appellant asserted causes of action for fraud,
negligent misrepresentation, breach of contract, and for violations of the
Texas Deceptive Trade Practices Act (“DTPA”).  On July 1, 2009, appellants,
appearing pro se, filed an answer to appellee’s lawsuit.

On July 3, 2009,
appellee sent requests for admissions to both appellants by certified mail.[2]  On July 27, 2009,
Johnson went to the post office to pick up several pieces of certified mail. 
According to Johnson, he picked up only a single item, a Certificate of Written
Discovery certifying that appellee had served on Johnson Enterprises several
discovery requests, including requests for admissions.  According to Johnson,
the remaining pieces of certified mail had already been returned to the sender
by July 27, 2009.  Appellants made no inquiries to appellee about the discovery
requests mentioned in the Certificate of Written Discovery.  Neither appellant
served answers to appellee’s requests for admissions until after the trial
court had signed the final summary judgment.

On July 20, 2009 Johnson
filed a Motion to Dismiss with Prejudice on all of appellee’s causes of
action.  In support of his motion, Johnson asserted several defenses.  These
defenses included his contention that he was not liable in his individual
capacity because he did not execute the contract at issue in the lawsuit. 
Johnson also argued that appellee did not give him proper pre-suit notice of
her DTPA claim.  Finally, Johnson notified the trial court that Johnson
Enterprises had filed a lawsuit in small claims court in Fort Bend County and
he asserted this was the proper court to resolve the parties’ dispute.  Johnson’s
Motion to Dismiss With Prejudice was eventually set for hearing on November 3,
2009.

On September 22, 2009,
the parties filed an agreed motion for continuance.  The record on appeal does
not reveal whether the trial court ruled on the agreed motion.

On October 8, 2009
appellee filed a traditional motion for summary judgment.[3]  In her motion,
appellee asserted she was entitled to judgment against appellants on each of
her asserted causes of action.  Appellee based her motion entirely on
appellants’ deemed admissions.  According to appellee, the deemed admissions conclusively
proved each element of her causes of action.  In support of her motion,
appellant attached copies of the requests for admission as well as
documentation supporting the fact that she had mailed the requests to
appellants by certified mail.  Included in this documentation were copies of
both envelopes, each of which had been stamped “Returned to Sender” and the
reason checked by the post office on each envelope was “unclaimed.”  Appellee’s
motion for summary judgment was set for hearing on November 3, 2009, the same
day as Johnson’s Motion to Dismiss with Prejudice.  Appellants received the
motion as well as notice of the summary judgment hearing.  Despite receiving
notice of the summary judgment hearing, appellants did not file anything
responsive to appellee’s motion or the deemed admissions.

The summary judgment
hearing took place on November 3, 2009.  Johnson attended the hearing.  Even
though Johnson attended the hearing, he did not file anything responsive to
appellee’s motion.  At the end of the hearing, the trial court announced it
intended to grant appellee’s motion for summary judgment.  Despite that
announcement, the trial court waited more than a month, until December 22,
2009, to sign the order granting appellee’s motion.  During the period between
the November 3, 2009 hearing and the signing of the order granting appellee’s
motion for summary judgment on December 22, 2009, appellants still did not file
anything responsive to the motion for summary judgment or the deemed
admissions.

On January 21, 2010,
appellants’ retained counsel filed a motion for new trial.  In their motion, appellants,
for the first time, asked the trial court to strike the deemed admissions and allow
appellants to serve responses to appellee’s requests for admissions. 
Appellants attached their proposed responses to their motion.  Appellants argued
the trial court should strike their deemed admissions because, according to
appellants, they never received the requests.

In their motion for new
trial appellants also asked the trial court to set aside the summary judgment. 
In support of their contention they were entitled to a new trial, appellants
relied entirely on their status as pro se litigants.  According to appellants,
they “mistakenly believed that the Court would grant the Motions to Dismiss
that they had on file with the Court and [appellee’s] Motion for Summary
Judgment would not be heard by the Court.”  Appellants also argued they
“mistakenly believe[d] that [appellee] would not be allowed to have the
admissions deemed against them and used in support of summary judgment.”  In
addition, appellants argued they mistakenly believed “that if the Court denied
their Motions to Dismiss that the Court would consider the defenses that
[appellants] had alleged in their Motions to Dismiss when ruling on
[appellee’s] Motion for Summary Judgment.”  Appellants also asserted they “did
not realize their mistake until after the Court had granted [appellee’s] Motion
for Summary Judgment, when it was too late to file a response, to seek a
continuance, or to file a late response because the Judgment had been
entered.”  Finally, appellants asserted they “would have filed a response to
the Motion for Summary Judgment but for their mistaken belief that their
argument and the defenses in their Motion to Dismiss would be considered by the
court when ruling on [appellee’s] Motion for Summary Judgment.”  The trial
court denied appellants’ motion for new trial.  This appeal followed.

Discussion

            Appellants
raise two issues on appeal.  In their first issue, appellants contend the trial
court abused its discretion when it refused to strike their deemed admissions. 
In their second issue, appellants assert the trial court once again abused its
discretion when it denied their motion for new trial.  We address each issue in
turn.  

I.         Did
the trial court abuse its discretion when it refused to strike appellants’
deemed admissions?

            As
part of their motion for new trial, appellants asked the trial court to strike
their deemed admissions.  The trial court refused.  Appellants contend this was
an abuse of the trial court’s discretion because, according to appellants,
“they had never received the Requests for Admissions.”  In addition, appellants
emphasize the fact they appeared pro se in the trial court until after the
trial court granted appellee’s motion for summary judgment.

            The
supreme court recently addressed a remarkably similar case.  In Unifund CCR
Partners v. Weaver, Weaver, a pro se defendant, was served with requests
for admissions.  262 S.W.3d 796, 797 (Tex. 2008).  The record did not show that
Weaver “actually served Unifund with his responses.”  Id.  Eventually
Unifund filed a motion for summary judgment based on Weaver’s failure to timely
serve his responses to the requests for admissions.  Id.  Weaver did not
file a response to the motion for summary judgment and it was granted by the
trial court.[4] 
Id.  The first time Weaver asserted that he had properly served Unifund
with his responses to Unifund’s requests for admissions, was in a post-judgment
filing.  Id.  The supreme court held that “Weaver waived his right to
challenge the deemed admissions.”  Id. at 798.  In explaining their holding,
the supreme court pointed out that “Unifund’s motion for summary judgment put [Weaver]
on notice of the deficiency of his response: that Unifund never received the
response because Weaver had not served, or attempted to serve, the response on
Unifund.”  Id.

            As
in Unifund, appellants knew of their failure to serve responses to
appellee’s requests for admissions once they were served with appellee’s motion
for summary judgment.  Despite that knowledge, appellants, like Weaver, chose
to do nothing until after the final summary judgment was granted.  Therefore,
we hold that since appellants knew of their mistake before the final summary
judgment was entered, and could have responded to appellee’s motion for summary
judgment based on the deemed admissions but chose not to do so, they have
waived the right to raise this issue on appeal.  Id.  We overrule
appellant’s first issue on appeal.

            II.        Did
the trial court abuse its discretion when it denied appellants’ motion for new
trial?

            In
their second issue, appellants assert the trial court abused its discretion
when it denied their motion for new trial because (1) their failure to respond
to appellee’s motion for summary judgment was a mistake; and (2) the trial
court should have granted their post-judgment motion to strike the deemed
admissions.  We disagree.

First, we have already
addressed, and rejected, appellants’ first issue challenging the trial court’s denial
of their post-judgment request to strike deemed admissions and we need not
reexamine that question here.

Second, in Unifund,
a case involving a pro se defendant appealing from the granting of a summary
judgment to which he did not respond, the supreme court pointed out that “a
party who fails to expressly present to the trial court any written response in
opposition to a motion for summary judgment waives the right to raise any
arguments or issues post-judgment.”  Unifund, 262 S.W.3d at 797.  

To avoid application of
this general rule, appellants cite the case of Wheeler v. Green, 157
S.W.3d 439 (Tex. 2005).  In Wheeler, the supreme court determined that
good cause excused Wheeler’s failure to file a summary judgment response prior
to judgment because “nothing in this record suggests that before summary
judgment was granted, [Wheeler] realized … that she needed to file a response
to the summary judgment” motion.  Id. at 442.  That is not the case
here.  As explained above, appellants were served with the motion for summary
judgment, had notice and attended the hearing.  As a result of the certificate
of written discovery and the motion for summary judgment, appellants also had
notice of the deemed admissions as well as appellee’s intent to use them in
support of her motion for summary judgment.  With this knowledge, appellants
could have responded to appellee’s motion for summary judgment.  In addition,
the trial court expressly informed appellants it intended to grant appellee’s
motion at the conclusion of the hearing and then waited more than a month
before doing so.  Despite all of this, appellants still did not file any type
of response to the motion for summary judgment.  Since appellants did not
respond, they have waived the right to raise this issue on appeal.  See Unifund,
262 S.W.3d at 798 (“Weaver knew of his mistake before judgment and could have
responded to Unifund’s motion, but because he did not, he waived his right to
raise the issue thereafter.”).  We overrule appellants’ second issue.

 

 

Conclusion

            Having
overruled each of appellants’ issues on appeal, we affirm the trial court’s denial
of appellants’ motion for new trial.

    

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.

 









[1] Appellee’s Original
Petition does not appear in the appellate record.





[2] This date is based on the
Certificate of Written Discovery appellee filed with the trial court on July
15, 2009.





[3] In her brief, appellee
asserts she filed not only a traditional motion for summary judgment, but also
a no-evidence motion under Rule 166a(i) of the Texas Rules of Civil Procedure. 
We disagree.  Here, appellee was the plaintiff below and therefore she had the
burden of proof on each of her causes of action.  The plain language of the
rule provides: “a party … may move for summary judgment on the ground there is
no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial.”  See Tex. R.
Civ. P. 166a(i).





[4] The supreme court
mentions that “Weaver’s responses to Unifund’s requests for admissions were on
file when the summary judgment motion was granted.”  Unifund CCR Partners v.
Weaver, 262 S.W.3d 796, 797 (Tex. 2008).