

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00284-CV

MICHAEL LABEAU                                                                 APPELLANT

V.

GE CAPITAL RETAIL BANK F/K/A                                          APPELLEE
GE MONEY BANK

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a summary judgment for GE Capital Retail Bank, f/k/a GE Money Bank, against Michael LaBeau for amounts owed on a credit card. We affirm.

In his first issue, LaBeau contends that the trial court should have granted him a continuance of the summary judgment hearing. But not only is the motion

---

[1]*See* Tex. R. App. P. 47.4.

for continuance unverified, it was filed by LaBeau's wife—who is not a lawyer—on his behalf. Thus, the trial court did not abuse its discretion by denying the motion for continuance. *See* Tex. R. Civ. P. 7, 251; *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 226 (Tex. App.—Fort Worth 2009, pet. denied), *cert. denied*, 130 S. Ct. 2061 (2010). *See generally Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (citing Tex. R. Civ. P. 7). We overrule LaBeau's first issue.

In his second issue, LaBeau contends that the trial court erred by granting summary judgment for GE Capital. LaBeau's primary argument appears to be that he was in the process of attempting to resolve a dispute over the exact amounts owed[2] when GE Capital filed suit. The summary judgment motion is based on the ground that LaBeau failed to timely respond to requests for admissions, which were deemed, and that based on those deemed admissions, GE Capital conclusively proved it was entitled to recover $3,940.50 on its breach of contract claim. GE Capital attached evidence that it mailed the requests for admissions on March 19, 2012 and that they were delivered by the U.S. Postal Service on March 21, 2012. Also attached is an affidavit from GE Capital's attorney stating that he had not received any answer to the requests as of May 15, 2012. The requests are also attached and include the following:

---

[2]The amounts due were for a countertop installation, which LaBeau claims had not been satisfactorily completed.

2

- LaBeau and GE Capital entered into an agreement by which GE Capital extended LaBeau credit;

- Using that credit, LaBeau made purchases from third parties;

- Under the agreement, LaBeau became bound to pay GE Capital the amounts of any purchase made, plus additional charges;

- The agreement provided that LaBeau could object to any disputed charge in writing within sixty days of notice of the charge;

- LaBeau failed to pay GE Capital;

- The unpaid balance was due on or before July 7, 2011;

- The current balance due, owing, and unpaid after all just and lawful payments, credits, and offsets was not less than $3,940.50.

GE Capital also attached detailed account statements showing the amounts due and owing on the credit card.

LaBeau did not respond to the motion for summary judgment, but his wife attached to the June 5, 2012 motion for continuance (which bore only her signature) a document entitled "Facts to be Admitted or Denied." She admitted making the agreement with Lowe's Home Improvement, stated that Lowe's "third partied" the agreement with GE Capital, and denied the amounts due and owing. She also claimed she had sent two checks to Lowe's, one for $1,350 and one for $1,800, and that she had attempted to resolve the matter in good faith.

Even if the motion for continuance could be construed as a motion to withdraw the deemed admissions, it was filed by LaBeau's wife rather than

3

LaBeau.[3]  *See* Tex. R. Civ. P. 7.  There is nothing in the record from LaBeau asking the trial court to withdraw the deemed admissions or otherwise responding to the motion for summary judgment.[4]  *See Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797–98 (Tex. 2008).  Accordingly, we conclude and hold that the trial court did not err by granting summary judgment, and we overrule LaBeau's second issue.

Having overruled both of LaBeau's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  May 30, 2013

---

[3]She stated in the letter that she was "representing" both of them in the matter pro se.

[4]In his notice of appeal, which asks for relief only from this court, LaBeau contends he contacted the trial court's office directly to request a postponement of the summary judgment hearing.  LaBeau also claims he paid the original debt three times, but in a motion to dismiss filed soon after the original petition, he stated that he had sent Lowe's two checks and both of them had been returned.