In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00153-CV
_____

**IN RE COMMITMENT OF VERNON LEE ASBELL**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-09-09657 CV**

**MEMORANDUM OPINION**

Vernon Lee Asbell appeals from an order of civil commitment that was rendered by the trial court after a jury found Asbell to be a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (SVP statute). Asbell challenges two of the trial court's rulings: He asserts the trial court erred by denying Asbell's motion to dismiss on the basis that the State's case was barred by limitations; and, he argues the trial court erred by excluding testimony that related to Asbell's future plans about where he was

1

planning to live and work after being released from prison. We affirm the trial court's judgment of civil commitment.

In issue one, Asbell argues the State filed the civil commitment suit against him more than ninety days after the Texas Department of Criminal Justice referred him to the State for commitment proceedings. *See id.* § 841.023 (West Supp. 2014), § 841.041 (West 2010). Asbell argues that section 841.041 of the Texas Health and Safety Code required the State to file the petition for commitment against him not later than ninety days after the Department sent a letter notifying the State that the Department believed that Asbell was suffering from a behavioral abnormality. According to Asbell, section 841.041 operates as a statute of limitation that commenced on the date the Department sent the State the letter recommending that commitment proceedings be commenced. *See id.* § 841.041.

Asbell first raised his argument regarding limitations by moving for a directed verdict after both sides had rested and the evidence was closed. Asbell pointed out in his oral motion for directed verdict that the State filed its petition on September 10, 2012, more than ninety days after the date the matter was referred by the Department to the State. A copy of the Department's letter was admitted for the purpose of the hearing, so it was not before the jury. The letter from the Department is dated June 4, 2012, and the file stamp on the letter indicates the

2

State's Special Prosecution Unit received the letter on June 12, 2012. The State responded to the motion for directed verdict by arguing that it filed the suit against Asbell within ninety days of the date that it received the Department's letter. The trial court denied Asbell's motion.

On appeal, the State argues the trial court properly denied Asbell's motion because he failed to raise a statute of limitations defense in his answer, and because the evidence shows that the State filed the case within the statutory deadline. Rule 94 of the Texas Rules of Civil Procedure requires that a party raise a statutory limitations defense by affirmatively setting out the defense in a pleading. Tex. R. Civ. P. 94 (identifying limitations as an affirmative defense); *see also Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 798 (Tex. 2008) (stating that limitations is a defense that "must be asserted in a pleading"). Because Asbell failed to raise limitations in his pleadings, the trial court acted properly by denying Asbell's motion for directed verdict.[1] *See In re Commitment of Eustace*, No. 09-

[1]After the parties filed their briefs for this appeal, we construed section 841.041 to require the State to file its petition not more than ninety days after the Special Prosecution Unit receives the referral letter in its office, not the date the Texas Department of Criminal Justice generates the referral letter, as Asbell argues the statute requires. *See In re Commitment of Williams*, No. 09-14-00029-CV, 2014 WL 4363623, at \*\*1-2 (Tex. App.—Beaumont Sept. 4, 2014, no pet. h.) (mem. op.). In this case, like *Williams*, we expressly reserve whether the Legislature intended section 841.041 to operate as a statute of limitations because resolving that issue is not necessary to our disposition of Asbell's appeal. *Id.* at \*2.

3

13-00177-CV, 2014 WL 346103, at **1-2 (Tex. App.—Beaumont Jan. 23, 2014, pet. denied) (mem. op.). Asbell has never claimed that the question of limitations was an issue that was tried by consent, and none of the evidence before the jury reflects that the parties presented any evidence to the jury on that issue. *See id.* at *2. We overrule issue one.

In issue two, Asbell contends the trial court abused its discretion by excluding testimony from his former employer who would have testified that he intended to hire Asbell to repair aircraft on a military base in Indonesia after Asbell completed his sentence. The record from the trial court includes an offer of proof, which reflects what Asbell's prospective employer would have said had he been allowed to testify before the jury. During the offer, the prospective employer explained that he owned an avionics company, Asbell had worked for him approximately twenty years earlier, Asbell was highly intelligent regarding electronics, and that he had offered to employ Asbell in a job working on a military base in Indonesia upon his release from prison. According to the prospective employer, Caucasians are accompanied at all times while on the base. The State argued that the evidence should be excluded because the question of where Asbell might work did not prove that his volitional capacity was not impaired. The trial

4

court excluded the testimony concerning Asbell's future plans to work in Indonesia.

"We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Generally, relevant evidence is admissible while irrelevant evidence is inadmissible. *See* Tex. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the case more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403.

The State argues that the trial court's ruling follows from our decision in *In re Commitment of Smith*. *See* No. 09-12-00189-CV, 2013 WL 476771, at *7 (Tex. App.—Beaumont Feb. 7, 2013, pet. denied) (mem. op.). In *Smith*, we held that the trial court did not abuse its discretion by excluding evidence that upon Smith's

release from prison, Smith would be subjected to intensive supervision while on parole. *Id.* Because the controls were externally imposed on Smith, the fact he would be under supervision did not reflect a decision that he had made about his future. As a result, we held that the evidence regarding how Smith was to be supervised after being released was not relevant to the issue of whether Smith was suffering as of the date of the trial from a behavioral abnormality that made him a menace to society. *Id.*

In the trial court, Asbell's attorney argued that the evidence he intended to offer about his future plans showed that Asbell had devised a sensible plan that reduced any opportunity that Asbell might have to be around children. As such, it is a decision concerning his future that he has some ability to control; it is, therefore, relevant because a jury could have used the evidence in determining the degree of control Asbell currently has over the urges that cause him to engage in sexually violent acts. During the hearing on the admissibility of the testimony the trial court decided to exclude, Asbell's attorney suggested that the proposed testimony demonstrates that Asbell has sufficient volitional capacity to control himself. We conclude that the evidence was relevant to a fact in controversy on an issue that was to be decided by the jury. *See* Tex. R. Evid. 401. In that regard, this case is distinguishable from *Smith*. *See* 2013 WL 476771, at *7.

Even though relevant, evidence may be excluded under Rule 403 of the Texas Rules of Evidence if the probative value of the evidence is substantially outweighed by the danger that the evidence is unfairly prejudicial or that it would confuse the issues being decided. *See* Tex. R. Evid. 403. Additionally, even if relevant evidence is erroneously excluded in a trial, an appellant must demonstrate that the exclusion of the evidence was such that its exclusion probably caused the rendition of an improper judgment for the case to be reversed on appeal. Tex. R. App. P. 44.1(a)(1).

In Asbell's case, even if the testimony at issue was admissible, the probative value of the evidence in proving whether Asbell currently has the ability to control his behavioral abnormality is slight. First, the fact that Asbell would be employed accounts for only part of his day. Asbell's prospective employer never described where Asbell would be living or how his access to potential victims would be limited when he was not working. Second, as the trial court noted, Asbell would be under no formal supervision by the State if he left the United States after being released from prison, and he was free to leave the job even if he decided to accept it. Any benefits derived by the overseas job might be short-lived. Third, while some jurors might have inferred that Asbell's plan for his future showed that he had made a good decision that reduced his risk of committing another sexually

violent act, others might have viewed the evidence as evidence showing that Asbell knew he needed the type of external supervision described by the prospective employer because he was aware that he was unable to control his urges on his own. As the evidence is capable of both inferences, the proffered evidence had only slight probative value.

Moreover, in Asbell's case the jury rejected more direct evidence than the testimony offered by Asbell's prospective employer when it decided that Asbell did not possess control over his behavioral abnormality. Dr. Roger Saunders, a licensed sex offender treatment provider, testified at Asbell's request. According to Dr. Saunders, when he interviewed Asbell, Asbell reported he had received sex offender treatment in prison, and Asbell seemed to understand that depression, anger, and loneliness had been factors in his committing his prior sexual offenses. According to Dr. Saunders, Asbell recognized that he needed to take responsibility for these emotions and have appropriate outlets for them. Dr. Saunders provided specific examples indicating to him that Asbell had benefitted from his sex offender treatment. Dr. Saunder's testimony is much more probative of Asbell's ability to control his behavioral abnormality than the evidence the trial court excluded, and yet the jury still decided that Asbell has a behavioral abnormality that makes him a menace to the health and safety of others. Because the error, if

8

any, in excluding the testimony of Asbell's prospective employer did not cause the jury to render an improper verdict, we overrule issue two. Having overruled both of Asbell's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 3, 2014
Opinion Delivered September 25, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.