In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-13-00235-CV

_____


IN RE COMMITMENT OF RICHARD GARCIA

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-10-10400 CV

MEMORANDUM OPINION

The State filed a petition to commit Richard Garcia as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-841.151 (West 2010 & Supp. 2014) (the SVP statute). A jury found that Garcia suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See id.* § 841.003(a) (West Supp. 2014). The trial court signed a final judgment and order of civil commitment. On appeal, Garcia argues that the trial court erred in denying his motion for directed verdict regarding what he calls an "untimely filing" of the civil commitment suit and that his trial counsel's failure to plead his

1

limitations defense constituted ineffective assistance of counsel.[1] We overrule his issues and affirm the trial court's judgment and order of civil commitment.

DIRECTED VERDICT

In his first issue, Garcia argues the State filed the civil commitment suit against him more than ninety days after the Texas Department of Criminal Justice referred him to the State for commitment proceedings. *See id.* § 841.023 (West Supp. 2014), § 841.041 (West 2010). Garcia argues that section 841.041 of the Texas Health and Safety Code required the State to file the petition for commitment against him not later than ninety days after the Department sent a letter notifying the State that the Department believed that Garcia was suffering from a behavioral abnormality. According to Garcia, section 841.041 operates as a statute of limitation that commenced on the date the Department sent the State the letter recommending that commitment proceedings be commenced. *See id.* § 841.041.

Garcia raised an argument regarding limitations in his oral motion for directed verdict which he made in the trial court after both parties rested and the evidence was closed. Garcia stated in his motion for directed verdict that the State filed its petition on October 2, 2012, and he argued that would be more than ninety

---

[1]After he filed an amended appellate brief, Garcia filed a letter notifying this Court that he was withdrawing his third appellate issue.

2

days after the date the matter was referred by the Department to the State. A copy of the Department's letter was admitted solely for the purpose of the directed verdict hearing, so it was not presented to the jury. The letter from the Department is dated June 19, 2012, and the file stamp on the letter indicated the State's Special Prosecution Unit received the letter on July 6, 2012, and it filed the suit against Garcia on October 2, 2012, which is within ninety days of the date that it received the Department's letter. The trial court denied Garcia's motion.

At the hearing and on appeal, the State argues the trial court properly denied Garcia's motion because he failed to plead his limitations defense in his answer, and because the evidence shows that the State filed the case within the statutory deadline.

This Court recently held that:

> In light of the State's dual interests in exercising its *parens patriae* and police powers, the purpose of the statute to protect the community and provide treatment for the SVP, and the Texas Supreme Court's construction of a similar provision to mean the date upon which notice is received, the interpretation of section 841.041 that best serves the intent of the SVP statute is that the State must file its petition alleging predator status within ninety days of its receipt of the referral letter.

*In re Commitment of Williams*, No. 09-14-00029-CV, 2014 Tex. App. LEXIS 10035, at **5-6 (Tex. App.—Beaumont Sept. 4, 2014, no pet. h.) (mem. op.). In the present case, the State's petition was filed within ninety days of its receipt of

3

the referral letter; therefore, the suit was timely and the trial court did not err in overruling the motion for directed verdict.

Nevertheless, even assuming without deciding that the ninety day provision is a statute of limitation provision[2] and the suit was untimely filed, Rule 94 of the Texas Rules of Civil Procedure requires that a party raise a statutory limitations defense by affirmatively setting out the defense in a pleading. Tex. R. Civ. P. 94 (identifying limitations as an affirmative defense); *see also Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 798 (Tex. 2008) (stating that limitations is a defense that "must be asserted in a pleading[]"). Garcia failed to raise a limitations defense in his pleadings. Therefore, the trial court did not err in denying Garcia's motion for directed verdict. *See In re Commitment of Asbell*, No. 09-13-00153-CV, 2014 Tex. App. LEXIS 10746, **1-4 (Tex. App.—Beaumont Sept. 25, 2014, no pet. h.) (mem. op.); *In re Commitment of Eustace*, No. 09-13-00177-CV, 2014 Tex. App. LEXIS 725, **1-2 (Tex. App.—Beaumont Jan. 23, 2014, pet. denied) (mem. op.). Garcia does not contend that the question of limitations was an issue that was tried by consent and there is no evidence in the record before the jury on that issue. *See*

---

[2]We express no opinion regarding Garcia's theory that the Legislature intended section 841.041(b)(1) of the Texas Health and Safety Code to operate as a statute of limitations.

4

*In re Commitment of Eustace*, 2014 Tex. App. LEXIS at **4-5. We overrule issue one.

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

In his second issue, Garcia contends his counsel's failure to plead his limitations defense constituted ineffective assistance of counsel. "Although the Texas Supreme Court has extended a right to effective assistance to civil cases involving the termination of parental rights, it has not addressed whether a sexually violent predator may obtain a remedy for ineffective assistance in a direct appeal." *In re Commitment of Williams*, No. 09-09-00539-CV, 2010 Tex. App. LEXIS 8671, at *3 (Tex. App.—Beaumont Oct. 28, 2010, pet. denied) (mem. op.).

Assuming without deciding that the remedy for ineffective assistance in a direct appeal is available to Garcia, under *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984), the reviewing court indulges a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and that the challenged action might be considered sound trial strategy. Applying this presumption here, in light of the fact that no binding authority would support Garcia's contention that the ninety day filing language contained in section 841.041(b)(1) was intended to operate as a statute of limitations and our application of this Court's recent contrary opinion, we cannot say that counsel's

representation fell below an objective standard of reasonableness or that Garcia's allegation of ineffectiveness is firmly founded in the record. *Strickland*, 466 U.S. at 688-89; *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). Issue two is overruled. We affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 15, 2014
Opinion Delivered October 30, 2014

Before Kreger, Horton, and Johnson, JJ.