**Opinion issued May 28, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-14-00311-CV

_____

### CHRISTINA BOB, Appellant

### V.

### CYPRESSWOOD COMMUNITY ASSOCIATION, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1036047**

---

## MEMORANDUM OPINION

This is an appeal from a suit to recover homeowner's association fees. Christina Bob appeals the trial court's summary judgment in favor of the Cypresswood Community Association, awarding it the fees and associated costs.

Bob contends that (1) the trial court erred in failing to rule on her pending motions before it granted summary judgment; (2) the Association was required to join Bob's husband as a party to the suit; (3) the Association's attorney violated the Texas Disciplinary Rules of Professional Conduct; (4) the Association violated its Declaration of Covenants, Conditions, and Restrictions; (5) the Association misapplied her payments; (6) the trial court abused its discretion in denying a new trial; and (7) the trial court erred in denying her motion to correct a clerical error. Finding no error, we affirm.

## Background

In 2006, Bob purchased a lot within Section Four of the Cypresswood residential subdivision. The lot is subject to the maintenance charges and assessments found within the Association's Declaration. In 2013, the Association filed suit against Bob for past due assessments and collection costs. Bob generally denied the claims. The Association then moved for summary judgment and submitted affidavit evidence of damages totaling $2,207.38. Bob did not file a response, but she moved for a continuance of the summary judgment hearing and for leave to file a late response. In January 2014, the trial court granted summary judgment and denied Bob's motions.

## Discussion

We liberally construe Bob's pro se brief.

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Samuel v. Fed. Home Loan Mortg. Corp*., 434 S.W.3d 230, 233 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009)). In a traditional motion for summary judgment, like the one filed in this case, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A judgment seeking affirmative relief requires a movant to prove that it is entitled to judgment as a matter of law on each element of its cause of action. *Winchek v. Am. Express Travel Related Servs. Co., Inc.*, 232 S.W.3d 197, 201 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex. 1999), *and Rizkallah v. Conner,* 952 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1997, no writ)). "Only if the movant conclusively establishes its cause of action does the burden shift to the nonmovant to respond with evidence raising a genuine issue of material fact that would preclude summary judgment." *Id.* at 202 (citing *Steel,* 997 S.W.2d at 222–23). We indulge every reasonable inference in the nonmovant's favor. *Samuel*, 434 S.W.3d at 233 (citing *Valence Operating Co. v.*

*Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005), *and Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003)).

## I. Pre-Trial Motions

Bob first contends that the trial court made a clerical error in not "acknowledging" or "present[ing] for consideration" her (1) motion for leave to file a late response to the motion for summary judgment and supporting documents and (2) motion for a continuance of the summary judgment hearing. She further contends that the court did not rule on her motions before granting summary judgment. However, the record on appeal contains orders denying both motions, signed on the same day as the summary judgment. Accordingly, we hold that she presents no error regarding the trial court's failure to rule.

## II. Failure to Join Indispensable Party

Bob next contends that the Association failed to join her husband as a party to the suit because, she contends, he is a co-owner of the property.

*Applicable Law*

Chapter 209 of the Texas Property Code applies to residential subdivisions that are subject to a declaration authorizing a residential property owners' association to collect regular or special assessments on all or a majority of the property in the subdivision. *See* TEX. PROP. CODE ANN. § 209.003(a) (West 2013). It applies to associations that require mandatory membership for all or a majority

4

of the owners of residential property within a subdivision, each of whom is subject to the association's dedicatory instruments. *Id.* § 209.003(b). Under Chapter 209, an "owner" is "a person who holds record title to property in a residential subdivision . . . ." *Id.* § 209.002(6). "'Record title' means title as it appears in the public records after the deed is properly recorded." *Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied) (citing BLACK'S LAW DICTIONARY at 1523 (8th ed. 2004)).

*Analysis*

The Association is subject to a Declaration of Covenants, Conditions, and Restrictions and is authorized to collect assessments on the property within its subdivision. *See* TEX. PROP. CODE ANN. § 209.003(a). Additionally, it provides that each person who is a record owner in the subdivision "shall be a member of the Cypresswood Homeowners' Association." *See* TEX. PROP. CODE ANN. § 209.003(b).

In the warranty deed for the property at issue, the grantee is "Christina Bob, A Married Woman." Additionally, in the deed of trust, the borrower is "Christina Bob, A Married Woman," although Bob's husband also signed it. Although Bob observes that a later transfer of the mortgage lien lists her husband as a borrower, the warranty deed contains only her name. Thus, she is the owner of the property for purposes of Chapter 209 of the Property Code; we hold that the Association's

5

decision to sue Bob only, and not her husband, does not warrant reversal. *See* TEX. PROP. CODE ANN. § 209.002; *Longoria*, 292 S.W.3d at 165; BLACK'S LAW DICTIONARY at 829.

### III. Attorney Conflict of Interest

Next, Bob contends that the Association's attorneys engaged in professional misconduct because they directly communicated with her during their representation of the Association; such communication, she contends, amounts to a conflict of interest. She cites to the provision in the Texas Disciplinary Rules of Professional Conduct governing the conduct of a lawyer acting as an intermediary between clients. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.07, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013). But the Association's attorneys represented the Association, not Bob. She adduced no evidence that the Association's attorneys purported to act as an intermediary or jointly represented both the Association and Bob. *See id.* Bob further acknowledges that she was not represented by an attorney in this case; thus, the Association's attorneys were not prohibited from communicating directly with Bob, so long as they identified themselves as counsel for the Association. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 4.03. We hold that Bob does not present a complaint of professional misconduct.

## IV.  Issues Raised in the Motion for New Trial

Bob contends that the Association (1) violated its declaration when it did not schedule a time for her to inspect its books and records, in response to her request to do so; (2) was not authorized by the Declaration to charge the amounts it claims that Bob owes in unpaid assessments and costs; (3) misapplied one of her payments; and (4) charged too much in assessment costs while denying her access to recreational facilities, all in violation of the Declaration.

*Applicable Law*

We will not consider a ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment.  *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797–98 (Tex. 2008) (per curiam) ("[A] party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-judgment.").

*Analysis*

Bob raised the forgoing issues in her motion for new trial after the trial court granted the Association's motion for summary judgment, but she did not raise

them in a response to the motion for summary judgment. Similarly, in her motion for leave to file a late response, Bob contended that she had requested documents from the Association before it filed suit. But she did not raise a request to inspect its books or records. The trial court did not authorize the late-filed evidence, and it did not state that it considered that evidence in denying the motion for a new trial. Because Bob did not raise her complaints about record inspection, overcharges, denial of access, misapplication of payments, and a violation of the Declaration before the trial court had granted summary judgment, these complaints are not grounds for reversal. *See* TEX. R. CIV. P. 166a(c); *Unifund*, 262 S.W.3d at 797–98.

Additionally, Bob waived these issues on appeal because she did not cite to the record to support her contentions, nor did she cite any legal authority to support her contention that the Association misapplied her payment. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). In the remaining issues, she cited the Association's Declaration without citing other legal authority. *See id.*

We hold that Bob waived her appellate complaints about inspecting the Association's records, its authorization to charge assessment costs, misapplication of payments, and denial of access to recreational facilities by failing to timely

present them in the trial court.  *See* TEX. R. CIV. P. 166a(c); TEX. R. APP. P. 38.1(i); *Unifund*, 262 S.W.3d at 797–98.

### V.    Visiting Judge

Finally, in her "Issues Presented" section of her brief, Bob contends that a visiting judge erred in denying her a new trial and in refusing to reverse the trial court's prior rulings.  Bob does not address this issue in her brief; accordingly, we hold that she has waived it on appeal.  *See* TEX. R. APP. P. 38.1(i).

### Conclusion

We affirm the trial court's summary judgment.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.