**Opinion filed January 20, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00015-CV

_____

**TWO THOUSAND NINE HUNDRED ELEVEN DOLLARS AND TWENTY-FIVE CENTS U.S. CURRENCY AND JERRY DEWITT SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CV45980**

**M E M O R A N D U M   O P I N I O N**

This is an appeal from a civil forfeiture proceeding brought by the State of Texas against Jerry Dewitt Smith and his interest in $2,911.25 in U.S. currency. Appellant, pro se, argues on appeal that the money was seized by the Midland Police Department based on alleged drug activity that was never substantiated and, thus, that the judgment should be reversed and the money should be returned. We affirm.

The State filed a "Notice of Seizure and Intended Forfeiture" on May 24, 2007. Appellant filed a response on June 11, 2007. On June 21, 2007, the State sent written discovery to Appellant that included requests for admissions, interrogatories, production of documents, and disclosure. Appellant did not answer, object, or respond to any of the discovery requests. The State filed a motion for summary judgment on July 30, 2007. Over the next several years, Appellant sent letters in opposition to the State's motion for summary judgment. Additionally, Appellant filed a motion for summary judgment on September 10, 2012. In an effort to obtain a ruling on the motions filed, Appellant filed a petition for writ of mandamus in this court on December 18, 2014—our Cause No. 11-14-00331-CV. However, on February 3, 2015, the trial court entered orders by which it denied Appellant's requests for relief, and as a result, this court denied Appellant's petition for writ of mandamus as moot. On February 3, the trial court also granted a final summary judgment in favor of the State and ordered that the money be forfeited to the State. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06 (West Supp. 2016).

In 2007, the State requested the following admissions from Appellant:

- Admission 2: "The money seized by Plaintiff in this cause of action is contraband as defined by Chapter 59 of the Texas Code of Criminal Procedure."

- Admission 3: "The money seized herein was seized in Midland County, Texas."

- Admission 4: "The money seized herein was seized on APRIL 25, 2007."

- Admission 5: "That you are the sole owner of the money made the subject of this forfeiture action."

- Admission 6: "That the money made the subject of this forfeiture action was used or intended to be used in the commission of a felony offense under Chapter 481 of the Health & Safety Code or was derived from or constitutes the proceeds of the commission of a felony offense under Chapter 481 of the Health & Safety Code."

- Admission 7: "That the money made the subject of this forfeiture action was lawfully seized."

Appellant did not respond to the discovery requests.

First, we note that the Texas Rules of Appellate Procedure require an appellant to "state concisely all issues or points presented for review" and to make "a clear and concise argument" for each issue raised, "with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f), (i). Appellant has failed to brief his issue in accordance with the Rules of Appellate Procedure. However, we will review the merits of the appeal as if his issue had been properly briefed.

The State argues that, because Appellant failed to respond to the requests for admissions, the matters are deemed admitted against him. We agree. "If a response is not timely served, the request is considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c); *see Wal-Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 355 (Tex. 1998). "A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX. R. CIV. P. 198.3. Further, Rule 166a of the Texas Rules of Civil Procedure provides that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *see Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008).

Here, Appellant did not answer, object, or respond to any of the discovery requests, nor did he attempt to withdraw his deemed admissions at any point. Accordingly, even if Appellant has not waived his issue on appeal, we hold that, in view of the deemed admissions, the appeal is without merit.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

January 20, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.