# NO. 12-11-00056-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MARK DIXON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *OPINION*

In this original proceeding, Relator, Mark Dixon, seeks a writ of mandamus requiring the trial court to rule on his "Motion for Reconsideration and Modification of Order" or, alternatively, to proceed to final judgment by trial or by the execution of a final judgment.[1]  For the reasons set forth below, we deny Dixon's petition.

## BACKGROUND

Dixon filed suit against Robert Peltier and Peltier Enterprises, Inc. (the company or collectively, Peltier).  Dixon had been service manager for the company's Nissan dealership in Tyler since May 15, 1991.  In 1998, Dixon was named by the company as a key employee and selected to become part of the company's long-term incentive compensation plan (incentive plan).  Robert Peltier, the company's president, was the administrator of the incentive plan.  The plan document stated that Dixon and other key employees would vest in the incentive plan "only after twenty (20) years of full-time, continuous employment with the Company by such Participant, commencing with the Effective Date of the Plan."  In December 2008, Robert Peltier terminated Dixon as part of a general reduction in force by the company.

---

[1] The respondent is the Honorable Kerry Russell, Judge of the 7th Judicial District Court, Smith County, Texas.

In his suit, Dixon sought a declaratory judgment that he remained part of the incentive plan, even after his termination from the company. Additionally, Dixon alleged causes of action against Robert Peltier and the company for breach of contract, breach of fiduciary duty, fraud/fraudulent inducement, and negligent misrepresentation. On April 7, 2010, following discovery, the trial court signed an order stating in part that "the Court has been presented with an agreement entered into by and between Plaintiff and Defendant in this lawsuit which includes a Stipulation of Facts and a schedule for submitting this case to the Court by mutual motions for summary judgment." By signing the order, the court approved this agreement.

On April 20, Peltier filed a motion for summary judgment, which stated in part that they were

> entitled to a summary judgment that declares that Plaintiff was not a Participant in the Plan and secondarily that he was an at-will employee who could be terminated at will, and since he was terminated prior to his being vested in the Plan, he is no longer a Participant in the Plan and has no property interest in it.

In their prayer, Peltier requested that "judgment be rendered for Defendants and against Plaintiff denying Plaintiff any recovery against Defendants." Peltier relied solely upon the stipulation between the parties as evidence for their motion.

Three days later, Dixon filed his motion for partial summary judgment. In the motion, Dixon not only sought a declaration of his rights under the incentive plan, but also alleged that Robert Peltier made certain misrepresentations to him. As part of his summary judgment evidence, Dixon attached his affidavit containing a history of his dealings with Robert Peltier and the company, which included a description of the alleged misrepresentations. Peltier filed a response to Dixon's motion for partial summary judgment in which they attached the affidavit of Sherry Mead, another key employee who was part of the incentive plan. Mead swore to facts rebutting Dixon's affidavit.

Following submission of these motions for summary judgment and responses, the trial court on June 4 entered an order granting Peltier's motion for summary judgment. In its final paragraph, the order stated "IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment is hereby GRANTED in its entirety and that Plaintiff's causes of action as to Defendants are hereby dismissed with prejudice." Also on the same date, the trial court entered an order denying Dixon's motion for partial summary judgment.

On June 15, Dixon filed a "Motion for Reconsideration and Modification of Order" in which he asked the trial court to set aside both of the June 4, 2010 orders. Alternatively, he requested that the court modify its order granting Defendants' Motion for Summary Judgment signed on June 4, 2010, and specifically asked the court to delete the language stating that "Plaintiffs' causes of action as to Defendants are hereby dismissed with prejudice." Peltier filed a response to Dixon's motion on June 23 and with it included a proposed final judgment for the trial court to consider. Following the signing of its June 4 orders, the trial court took no further action in this case. On February 23, 2011, Dixon filed this original mandamus proceeding with this court.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue only if the trial court has committed a clear abuse of discretion and the relator has no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). A clear abuse of discretion occurs when an action is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

## ABUSE OF DISCRETION

To determine whether Dixon has satisfied the first prerequisite to mandamus, we first consider Dixon's alternative argument that the trial court abused its discretion by failing to sign an appealable final judgment. We then address Dixon's arguments that the trial court abused its discretion in failing to rule on his motion for reconsideration and by failing to proceed to a final judgment.

Peltier contends that the trial court did not abuse its discretion because the court's order granting Peltier's summary judgment motion dismissed Dixon's causes of action with prejudice. Therefore, Peltier urges that the order was final for purposes of appeal.

### Finality of June 4, 2010 Order

A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. *Lehmann v. Har-Con, Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). But the language of an order or a judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims

3

and all parties. *Id*. at 200. The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. *Id*. If that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. *Id*. So, for example, if a defendant moves for summary judgment on only one of the four claims asserted by the plaintiff, but the trial court enters judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final. *Id*.

Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory. *Id*. at 204. Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties. *Id*. at 205. If the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. *Id*. at 206. An expressed adjudication of all parties and claims is not interlocutory merely because the record does not afford a legal basis for the adjudication. *Id*. "To determine an issue of finality, we are directed to define the intention of the trial court 'from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.'" *Castle & Cooke Mortg., LLC v. Diamond T Ranch Dev., Inc.*, 330 S.W.3d 684, 688 (Tex. App.–San Antonio 2010, no pet.) (quoting *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 277 (Tex. 1996)).

Here, the court's April 7 order stated that the parties would be "submitting this case to the court by mutual motions for summary judgment." The prayer in Peltier's motion for summary judgment asked that "judgment be rendered for Defendants and against Plaintiff denying Plaintiff any recovery against Defendants." On June 4, 2010, the trial court signed an order denying Dixon's motion for partial summary judgment and another order granting Peltier's motion for summary judgment. On its face, the trial court's order granting Peltier's motion reflects finality by its statement that the motion for summary judgment is "hereby granted in its entirety and . . . Plaintiff's causes of action as to Defendants are entirely dismissed with prejudice." Further, the trial court appears to be emphasizing that Dixon's causes of action are dismissed by using the term "with prejudice."[2]

Dixon specifically asked the court to remove the language "Plaintiff's causes of action as to Defendants are hereby dismissed with prejudice" from its order granting Peltier's summary

---

[2] We also note that the trial court never signed the proposed final judgment submitted by Peltier on June 23. It would make sense for the trial court to ignore this proposed final judgment if it had already entered a final judgment on June 4.

judgment motion. This is some indication that Dixon did not intend for the order to be final. However, the language of the order is clear and unequivocal, and it must be given effect. *See Lehmann*, 39 S.W.3d at 206 (clear and unequivocal language of finality must be given effect despite indications that one or more parties did not intend for judgment to be final). Accordingly, we hold that the language of the order and the record as a whole establish that the June 4, 2010 order granting Peltier's motion for summary judgment was final for purposes of appeal.

## Failure to Rule on Motion for Reconsideration

A motion for reconsideration is equivalent to a motion for new trial. *Dayco Products, Inc. v. Ebrahim*, 10 S.W.3d 80, 83 (Tex. App.–Tyler 1999, no pet.). Trial courts have not been required to rule on motions for new trial because the passage of time may serve to overrule a new trial motion by operation of law. *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 28 (Tex. 1994); s*ee also* TEX. R. CIV. P. 329b(c) ("In the event an original or amended motion for new trial . . . is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."); *Hamilton v. Williams*, 298 S.W.3d 334, 337 (Tex. App.–Fort Worth 2009, pet. denied) ("A trial court . . . does not abuse its discretion by not ruling on a motion [for new trial] and by allowing the motion to be overruled by operation of law."). Because the trial court had no duty to rule on Dixon's motion for reconsideration, it did not abuse its discretion by not ruling on the motion and allowing it to be overruled by operation of law.

## Failure to Take Further Action in the Case

Dixon contends that the trial court abused its discretion by not doing anything further in the case after entering its June 4 order granting Peltier's motion for summary judgment. His complaint, however, is based on the assumption that the trial court's June 4 order granting Peltier's motion for summary judgment was not final and appealable. Therefore, he argues that the trial court should be directed to proceed to final judgment, either by trial or by the execution of a final judgment. We have held that the June 4, 2010 order granting Peltier's motion for summary judgment is a final, appealable order. We have also held that the trial court was not required to rule on the motion for reconsideration because it would be overruled by operation of law if the court took no action on it within seventy-five days. Consequently, no further action is necessary for the trial court to dispose of the case.

5

## DISPOSITION

Dixon has not shown that the trial court has failed to proceed to a final judgment in the case or that it had a duty to rule on his motion for reconsideration. Consequently, he has not shown an abuse of discretion by the trial court. Because Dixon has not shown an abuse of discretion, we need not address whether he has an adequate remedy by appeal. Dixon's petition for writ of mandamus is *denied*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 10, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)