**Deny and Opinion Filed June 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00727-CV

### IN RE JAMES MCCOY, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-13955-B**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Lang-Miers
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus requesting that the Court direct the trial court to consider his "Motion for Reconsideration of Dismissal and Alternatively a Request to File Interlocutory Appeal." The facts and issues are well known to the parties so we do not recount them here. To obtain mandamus relief, relator must show both that the trial court has abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Relator has failed to meet this requirement. A motion for reconsideration is equivalent to a motion for new trial. *In re Dixon*, 346 S.W.3d 906, 910 (Tex. App.—Tyler 2011, orig. proceeding); *Dayco Products, Inc. v. Ebrahim*, 10 S.W.3d 80, 83 (Tex. App.—Tyler 1999, no pet.). Trial courts are not required to rule on motions for new trial because the passage of time serves to overrule a new trial motion by operation of law. *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 28 (Tex. 1994); *Dixon,* 346 S.W.3d at 910; *Hamilton v. Williams,* 298

S.W.3d 334, 337 (Tex. App.—Fort Worth 2009, pet. denied). A trial court does not abuse its discretion by not ruling on a motion for new trial and by allowing the motion to be overruled by operation of law. *Hamilton*, 298 S.W.3d at 337. Accordingly, relator has failed to establish that he is entitled to relief. We **DENY** the petition for writ of mandamus.


140727F.P05

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE