

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00170-CR

**IN RE** Abelardo G. **GONZALEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting: Sandee Bryan Marion, Chief Justice
     Patricia O. Alvarez, Justice
     Luz Elena D. Chapa, Justice

Delivered and Filed: April 4, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relator contends he filed a "Motion for Reconsideration and Objections" with the trial court on August 29, 2017, in which he asked the trial court to reconsider an August 2, 2017 order denying nine motions filed by relator. On March 21, 2018, relator filed a petition for writ of mandamus in which he appears to argue the trial court abused its discretion by allowing his "Motion for Reconsideration and Objections" to be overruled by operation of law.[2] For the purpose of addressing relator's argument, we will assume, without holding, that his "Motion for Reconsideration and Objections" was overruled by operation of law.

---

[1] This proceeding arises out of Cause Nos. 2008-CRR-000657-D1, 2008-CRR-000662-DR, 2008-CRR-000665-D1, styled *State of Texas v. Abelardo G. Gonzalez*, pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Philip A. Kazen, Jr. presiding.

[2] Relator explains the almost six-month delay in filing his petition by stating he has been preoccupied with other litigation.

To obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

A motion for reconsideration is equivalent to a motion for new trial. *In re Dixon*, 346 S.W.3d 906, 910 (Tex. App.—Tyler 2011, orig. proceeding). Trial courts are not required to rule on motions for new trial because the passage of time may serve to overrule such motions by operation of law. *Hamilton v. Williams*, 298 S.W.3d 334, 337 (Tex. App.—Fort Worth 2009, pet. denied). Here, because the trial court had no duty to rule on relator's "Motion for Reconsideration and Objections," it did not abuse its discretion by allowing the motion to be overruled by operation of law. Accordingly, relator has failed to establish that he is entitled to mandamus relief. We, therefore, DENY the petition for writ of mandamus.

PER CURIAM

Do not publish