# NO. 12-24-00014-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCIA SLACK,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| | § | *SMITH COUNTY, TEXAS* |
| *ROBERT CHARLES SHREVE, JR.,*<br>*APPELLEE* | | |

### *MEMORANDUM OPINION*

Marcia Slack appeals the trial court's order granting summary judgment in favor of Appellee Robert Charles Shreve, Jr. Slack raises eight issues on appeal. We affirm.

### BACKGROUND

On December 27, 2019, Slack sued Shreve, Greg Carlson, Steven Blair, Joseph Shane Jackson, SunRay Operating Company, Inc., CJW Operating Company, SunRay Resources, LLC, and Dane Charles Butzer.[1]  According to Slack, Joseph Jackson woke her at 5:00 a.m. on February 2, 2015, and demanded that she write him a check for $250,000 to invest in an oil-and-gas-exploration company, and she did so. Slack alleged that the defendants (other than Shreve) offered for sale oil and gas interests for SunRay Resources on the website to obtain investors. She claimed that Shreve promoted Jackson, Blair, Carlson, and Woods as trustworthy people, but Shreve failed to disclose that he would receive $107,500 of the money she gave Jackson as part of a debt repayment and a buyout of SunRay Operating by Carlson, Jackson, and Woods. She further claimed that Shreve never disclosed that the money she gave Jackson would be used to buy a lease

---

[1] *See* **Slack v. Shreve**, No. 12-22-00024-CV, 2023 WL 2417971, at *1 (Tex. App.–Tyler Mar. 8, 2023, no pet.) (mem. op.). This is the second appeal to this court in this matter following a partial remand of the cause after the initial appeal. Shreve is the only defendant who is a party to this appeal.

that Shreve claimed to own under a separate, limited liability company. Slack eventually learned she was the sole investor in the company, which led her to believe that Shreve and the other defendants colluded to defraud her.

Slack asserted causes of action against Shreve for violations of the Texas Securities Act (TSA),[2] civil conspiracy, common-law fraud, conversion, and negligence, as well as a claim under the Texas Theft Liability Act. Additionally, Slack sought a declaratory judgment that she is the sole owner of the assets of SunRay Resources.

Shreve filed a traditional motion for summary judgment, in which he asserted that the following causes of action are barred by limitations: (1) registration violations under the TSA, (2) the Texas Theft Liability Act, (3) common-law fraud, (4) conversion, and (5) negligence. Slack did not file a response to the motion, and on August 30, 2021, the trial court signed an order granting Shreve's motion.[3] Slack appealed, and this court affirmed the trial court's summary judgment as to the aforementioned causes of action which formed the basis of Shreve's motion. But we reversed the trial court's summary judgment on Slack's cause of action pursuant to Section 33(A)(2) of the TSA, which was not among the bases of Shreve's motion, and remanded the cause to the trial court for further proceedings related to that claim.

On remand, Shreve filed both no-evidence and traditional motions for summary judgment on Slack's Section 33(A)(2) claim, in which he argued that (1) there was no evidence that Shreve offered or sold Slack any security, (2) the evidence conclusively proved that Shreve did not offer or sell Slack any security, (3) there was no evidence of any materially false statement by Shreve in connection with Slack's securities purchase, and (4) there was no evidence that Shreve substantially aided any other actor's Section 33(A)(2) violation. Slack filed a response. Thereafter, Shreve filed a reply, in which he objected to several exhibits to Slack's response. Ultimately, the trial court sustained Shreve's objections to Slack's summary-judgment evidence, granted his motions, and rendered a take-nothing judgment against Slack on her Section 33(A)(2)

---

[2] In 2019, the Legislature repealed The Texas Securities Act, which previously was codified beginning at TEX. REV. CIV. STAT. art. 581-1, and recodified it as Title 12 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 4001.001 ("Historical and Statutory Notes") (West 2008). Former Section 33(A)(2) is now codified at Section 4008.052 of the Texas Government Code. *See id.* § 4008.052 (West Supp. 2024). The recodification of the TSA became effective on January 1, 2022. *See id.* § 4001.001 ("Historical and Statutory Notes"). Because the former version of the statute was in effect when Slack filed her petition, we will cite to that version in this opinion.

[3] Slack filed a motion for new trial, which the trial court denied after a hearing. Thereafter, the trial court severed Slack's causes of action against Shreve into a separate action and signed a final, take-nothing judgment against Slack.

claim.  Slack moved to reconsolidate her suit against Shreve with the original suit from which it was severed.  The trial court denied Slack's motion.  Slack later filed a motion for new trial, which was overruled by operation of law.  This appeal followed.

**S<small>UMMARY</small> J<small>UDGMENT</small>**

In her sixth issue, Slack argues that the trial court erred in granting Shreve's motions for summary judgment because she presented evidence that Shreve was the Chief Financial Officer of SunRay Resources, and he did not disclose to Slack that he paid himself more than $100,000 of her investment through a "shell," limited liability company he controlled.  In her seventh issue, Slack argues that the trial court erred in granting Shreve's motion in light of evidence that Shreve was avoiding service of a trial subpoena for the trial against his undisclosed, former business co-owners in SunRay Operating.[4]

**Standard of Review**

Because summary judgment is a question of law, a trial court's summary judgment decision is reviewed de novo.[5]  *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 467–68 (Tex. App.–Dallas 2009, pet. denied).  The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold:  (1) the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed, material fact issue precluding summary judgment, the court must take as true evidence favorable to the nonmovant; and (3) the court must indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in the nonmovant's favor.  *See* T<small>EX</small>.

---

[4] Slack states that her seventh issue "raises all arguments as to all grounds why the summary-judgment motion of Shreve should have been denied" and cites *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).  But we are mindful that a general *Malooly* issue statement only preserves a complaint if the ground challenged on appeal is supported by argument.  *See Brown v. Hearthwood II Owners Ass'n, Inc.*, 201 S.W.3d 153, 156 (Tex. App.–Houston [14th Dist.] 2006, pet. denied).  It is unclear the relation of Shreve's alleged avoidance of service of a trial subpoena in separate proceedings with whether Shreve is entitled to summary judgment on Slack's claims under Section 33(A)(2), and Slack fails to make any argument in support of this allegation.  But to the extent Slack made cogent arguments in her brief related to the trial court's granting Shreve's motions for summary judgment, we will address them.

[5] In conducting a de novo review, the trial court's reasoning is not relevant to or controlling of our review and analysis.  *See Markel Ins. Co. v. Muzyka*, 293 S.W.3d 380, 385 (Tex. App.–Fort Worth 2009, no pet.).

3

R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 221–22 (Tex. App.–Dallas 2008, pet. struck). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952); *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied).

Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* Tex. R. Civ. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, we will affirm it if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

Additionally, after an adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* Tex. R. Civ. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.–Houston [1st Dist.] 1999, no pet.). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See id.*

Lastly, when a party moves for both a traditional and a no evidence summary judgment, we ordinarily review first the trial court's summary judgment under the no evidence standard of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment properly was granted, we do not reach arguments under the

traditional motion for summary judgment. *See id.* However, this rule is not absolute. *See **Dunn v. Clairmont Tyler, LP***, 271 S.W.3d 867, 870 (Tex. App.–Tyler 2008, no pet.) (rule that court of appeals must address no-evidence motion first cannot be applied unless same issue raised in both motions). In this case, our disposition of Shreve's argument that the evidence conclusively establishes the opposite of a necessary element of Slack's Section 33(A)(2) claim is dispositive of her sixth and seventh issues, but only is raised in his traditional motion for summary judgment. *See id.* Therefore, we will address that argument first.

**Governing Law**

Section 33(a)(2) of the TSA states, in pertinent part, as follows:

> (2) Untruth or Omission. A person who offers or sells a security . . . by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him, who may sue either at law or in equity for rescission, or for damages[.]

TEX. REV. CIV. STAT. art. 581-33(A)(2); *see also **Slack v. Shreve***, No. 12-22-00024-CV, 2023 WL 2417971, at *6 (Tex. App.–Tyler Mar. 8, 2023, no pet.) (mem. op.).

As used in the Texas Securities Act, the terms "sale" and "offer for sale" or "sell" shall include every disposition of or attempt to dispose of a security for value. *See **Tex. Capital Sec., Inc. v. Sandefer***, 58 S.W.3d 760, 775 (Tex. App.–Houston [1st Dist.] 2001, pet. denied). The term "sell" means any act by which a sale is made, and the term "sale" or "offer for sale" shall include subscription, an option for sale, a solicitation of sale, a solicitation of an offer to buy, an attempt to sell, or an offer to sell, directly or by an agent or salesman, by circular, letter, or advertisement or otherwise. *Id.* The terms "security" or "securities" include stock. *Id.* Section 33(A)(2) applies to private, secondary transactions. *See id.* The Act applies if the seller is any link in the chain of the selling process. *Id.*

**Discussion**

In the instant case, Shreve argued, in part, that he was entitled to traditional summary judgment because the evidence conclusively proved that he did not offer or sell Slack any security. In support of his motion, Shreve attached an affidavit in which he stated that he did not offer or sell Slack anything, much less a security. He also attached Slack's late-filed responses to his request for admissions. In Request for Admission Number 42, Shreve requested that Slack "[a]dmit or deny that Shreve never sold a security to Slack."

*Deemed Admissions*

A request for admission is a "written request[] that the other party admit the truth of any matter within the scope of discovery. . . ." TEX. R. CIV. P. 198.1; ***Time Warner, Inc. v. Gonzalez***, 441 S.W.3d 661, 664 (Tex. App.–San Antonio 2014, pet. denied). If a response is not served timely, the request is considered admitted without the necessity of a court order. *See* TEX. R. CIV. P. 198.2(c); ***Gonzales***, 441 S.W.3d at 664. An admitted matter is "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX. R. CIV. P. 198.3; ***Gonzales***, 441 S.W.3d at 664. However, a trial court has discretion to permit a party to withdraw an admission if: (a) the party shows good cause for the withdrawal; (b) the court finds that the other party will not be unduly prejudiced; and (c) presentation of the lawsuit's merits is served by the withdrawal. *See* TEX. R. CIV. P. 198.3; ***Gonzales***, 441 S.W.3d at 664; ***Cleveland v. Taylor***, 397 S.W.3d 683, 694 (Tex. App.–Houston [1st Dist.] 2012, pet. denied).

In the instant case, Slack did not request, pursuant to Rule 198.3, the withdrawal of the aforementioned, deemed admission upon which Shreve relied in his motion for summary judgment, nor did she otherwise seek to make a showing of good cause for such a withdrawal.[6] Instead, she argued that Shreve cannot rely on her deemed admission because Shreve waited over thirty months to use it as evidentiary support for his summary-judgment motion and did so following the remand of the case from this court. She also notes that she sought an extension of the deadline and that Shreve declined to extend her deadline to respond but was not clear about that fact and, therefore, her response should not be considered late.[7] We disagree that any of the circumstances Slack describes in her appellate brief prevents Shreve's reliance on her deemed admission as summary judgment evidence. Moreover, she waived any argument in this appeal that she had good cause for her late response to Shreve's request for admissions.

---

[6] None of Slack's exhibits in the summary judgment record serve to contradict her deemed admission of Request 42. *See, e.g.*, ***Marshall v. Vice***, 767 S.W.2d 699, 700 (Tex. 1989) (party relying on judicial admissions or deemed admissions must protect record by objecting to introduction of controverting evidence).

[7] The record reflects that Slack's counsel requested an extension from Shreve's counsel. Shreve's counsel agreed to permit an extension if Slack would agree to provide an explanation for each request she denied. Slack's counsel was asked to indicate agreement to this stipulation by sending a return email indicating the same. There is no indication that Slack's counsel sent an email accepting the conditions to the proposed extension, nor does Slack contend that such an email exists. Slack served her response on Shreve four days after the original deadline. Her response contains no explanation for the requests she denied.

In *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796 (Tex. 2008), the pro se defendant was served with requests for admission; the record did not show that the defendant served the plaintiff with his responses. *Id.* at 797. The plaintiff filed a motion for summary judgment "asserting that the facts set out in its requests for admissions were automatically admitted when [the defendant] failed to timely serve his responses." *Id.* The defendant did not respond to the summary judgment motion and the motion was granted by the trial court. *Id.*

There, the defendant first challenged the deemed admissions in a post-judgment filing and asserted that he properly served the plaintiff with his responses. *Id.* The supreme court held that the defendant "waived his right to challenge the deemed admissions." *Id.* at 798. Noting that the plaintiff's "motion for summary judgment put [the defendant] on notice of the deficiency of his response," the court stated that the defendant "knew of his mistake before judgment and could have responded to [the plaintiff's] motion, but because he did not, he waived his right to raise the issue thereafter." *Id.*; *see also Cleveland*, 397 S.W.3d at 693–95 (defendants did not respond to plaintiffs' requests for admissions and challenged requests only after trial court rendered judgment despite earlier "notice of their mistake;" court held that defendants' challenges to deemed admissions were waived); *Johnson v. Lewis*, No. 14-10-00293-CV, 2011 WL 2083965, at *3 (Tex. App.–Houston [14th Dist.] May 19, 2011, no pet.) (mem. op.) (defendants, although aware of their failure to serve responses to plaintiff's requests for admission, did not challenge admissions until after summary judgment was granted; defendants waived the right to challenge admissions on appeal); *but see Wheeler v. Green*, 157 S.W.3d 439, 441–42 (Tex. 2005) (per curiam) (pro se defendant filed responses to requests for admissions two days late because of a miscalculation with respect to mailbox rule; court held that defendant did not waive complaint regarding withdrawal of the deemed admissions presented for first time in motion for new trial because "nothing in this record suggests that before summary judgment was granted, [the defendant] realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument").

Here, Slack's failure to challenge the deemed admission in the trial court pursuant to Rule 198.3 waives her ability to raise such a challenge on appeal. Unlike the defendant in *Wheeler*, Slack was represented by counsel at trial. The record demonstrates that she had notice of the due date for the admissions and, as she also notes in her brief, she sought an extension of this deadline. Shreve's motion for summary judgment appreciably relied on the deemed admission in question.

And Slack failed to seek to withdraw or "undeem" the admission pursuant to Rule 198.3. Instead, she asserted that the response to the request for admissions should be considered timely or, alternatively, that other evidence rendered the deemed admission immaterial. Because she was represented by counsel at trial, it is reasonable to conclude that, unlike the pro se defendant in *Wheeler*, Slack realized before summary judgment was granted that because her responses were late, she needed to move to withdraw the deemed admission or needed to include such an argument in her response to Shreve's motion for summary judgment. *Cf. Wheeler*, 157 S.W.3d at 442.

Like the defendant in *Weaver*, Slack was on notice of her failure to respond to Shreve's requests for admission. *See Weaver*, 262 S.W.3d at 797–87. Despite this notice, she did not raise in the trial court her challenges to the deemed admission. Thus, the admission was conclusive, and we decline to consider any argument of impropriety of such deemed admission on appeal. *See Weaver*, 262 S.W.3d 797–98; *Cleveland*, 397 S.W.3d at 693–95; *see also* ***Hendrickson v. Heard***, No. 14-17-00659-CV, 2018 WL 4780802, at *3–4 (Tex. App.–Houston [14th Dist.] Oct. 4, 2018, no pet.) (mem. op).

### *Slack's Admissible Summary Judgment Proof*

In response to Shreve's motion for summary judgment, Slack included numerous exhibits, many of which the trial court excluded pursuant to Shreve's objections. In her brief, Slack argues that the summary-judgment evidence raises a genuine issues of material fact, which demonstrates Shreve's privity to the security transaction at issue because (1) Shreve was the sole member at Gryphon Global Investments, LLC (GGI), to which SunRay Resources sent $107,500 following Slack's $250,000 investment; (2) Shreve was a member of Oklahoma Shelf Exploration and Development Company (OSED) in 2014, along with Jackson, Carlson, Blair, and Woods, and failed to disclose to Slack that OSED was involved in a lawsuit during 2015; (3) Shreve was the Chief Financial Officer of SunRay Resources and did its taxes for a period of years; (4) Shreve had a prior, business relationship with and previously agreed to sell to Jackson, Carlson, Blair, and Woods the "Hanks Oil Lease" and let them take over all of his shares in SunRay Operating; and (5) Shreve provided Jackson and Slack with "primo" seats to a Texas Rangers baseball game to "entice her investment."

Based on the summary judgment record and considering the arguments of privity Slack raised, we cannot conclude that such evidence creates a genuine issue of material fact in light of the conclusive proof offered by Shreve in support of his traditional motion for summary judgment.

8

None of the evidence in the summary-judgment record indicates that Shreve sold or offered to sell a security to Slack or was in privity to such a transaction. Shreve's alleged involvement in GGI, to which SunRay Resources transferred money following the transaction, does not prove that he or GGI sold or offered to sell her a security. *See 1993 GF P'ship v. Simmons & Co. Intern.*, No. 14-09-00268-CV, 2010 WL 4514277, at *8 (Tex. App.–Houston [14th Dist.] Nov. 9, 2010, no pet.) (mem. op.) (alleged misrepresentations which occurred after parties agreed to sale of securities not actionable). Nor do Shreve's previous business dealings with Jackson, Carlson, Blair, and Woods logically place him in privity to the sale or offer to sell the security at issue. Moreover, Slack's argument that Shreve was the CFO for SunRay Resources, even assuming the existence of evidentiary support for such an allegation, does not, without more, prove that he was in privity to the sale or offer to sell the security at issue. *See Tex. Capital Sec. Mgmt., Inc. v. Sandefer*, 80 S.W.3d 260, 266 (Tex. App.–Texarkana 2002, pet. struck). Lastly, the evidence that Shreve provided Jackson and Slack with baseball tickets, no matter how "primo" the seats were, without more, does not serve to place him in privity to the sale or offer to sell the security at issue.

In sum, Shreve's affidavit testimony and Slack's deemed admission conclusively prove that Shreve neither sold nor offered to sell Slack the security at issue. None of the evidence upon which Slack bases her arguments of Shreve's privity to the sale or offer to sell such security, amount to proof of alleged privity to the sale or offer to sell. Accordingly, because we cannot conclude that Slack's summary-judgment evidence creates a genuine issue of material fact in light of the conclusive proof offered by Shreve in support of his traditional summary judgment motion, we hold that the trial court did not err in granting Shreve's traditional motion for summary judgment. Slack's sixth and seventh issues are overruled.

**EXCLUSION OF SUMMARY JUDGMENT EVIDENCE**

In her third issue, Slack argues that the trial court abused its discretion in granting Shreve's objections to numerous exhibits she submitted in support of her response to his motions for summary judgment because "the Smith County Local Rule was implemented without the objections being identified as a motion or otherwise identified in the title of the Shreve Reply[.]"

**Standard of Review**

An appellate court reviews a trial court's ruling that sustains an objection to summary judgment evidence for an abuse of discretion. *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.–

Dallas 2006, no pet.); *see Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 499 (Tex. App.–Houston [14th Dist.] 2004, pet. denied). An appellant has the burden to bring forth a record that is sufficient to show the trial court abused its discretion when it sustained the appellee's objections to the summary judgment evidence. *See Cantu*, 195 S.W.3d 867.

**Discussion**

In her brief, Slack does not address the merits of Shreve's numerous objections to her summary judgment evidence. Instead, she argues as follows:

> As explained in her motion for a new trial, Slack is prejudiced by the Court granting all of Shreve's evidentiary objections, when there was no jury to be confused or sustain objections relating to hearsay and relevance. These objections were not stated in title of the reply, and it was not labelled a "motion" or even objections to trigger the Draconian Smith County Local Rule whereby the Court simply grants the moving parties['] objections due to no opposition. This is unfair and a violation of due process. Whether Slack took a week after the deadline set or a year, it is the same because she didn't know the objections were imbedded in the Reply because a Reply is not calendared in a law firm, and was not calendared in Slack's attorneys' law firm for a response or opposition.

First, Slack failed to cite any authority in support of her third issue and, therefore, waived any error argued therein. *See* TEX. R. APP. P. 38.1(i); *In re A.N.G.*, 631 S.W.3d 471, 476–77 (Tex. App.–El Paso 2021, no pet.) ("Mere uttering of brief conclusory statements unsupported by citation to legal authorities does not satisfy briefing requirements. The Texas Supreme Court has continuously recognized that an issue may be waived when appellant fails to provide citations, arguments, or analysis . . . . [W]e have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error").

Second, Slack's suggestion that such evidentiary objections improperly were sustained because, at the summary-judgment stage, there is no jury to be confused, flatly is incorrect. The same evidentiary standards that apply in trials also control the admissibility of evidence in summary-judgment proceedings. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam); *In re E. Tex. Oilfield Prod. Services, Inc.*, No. 12-20-00077-CV, 2020 WL 1697428, at *2 (Tex. App.–Tyler Apr. 8, 2020, no pet.) (mem. op.).

Third, Slack vaguely describes a local rule applicable to the Smith County District Courts without any other reference as to which rule she finds objectionable or why her objections legally are sustainable. Her vague description of the substance of this rule, along with the allegation that

it is "Draconian" and violative of her "due process" rights, provides this court nothing to review. *See* TEX. R. APP. P. 38.1(i); *In re A.N.G.*, 631 S.W.3d at 476–77.

Lastly, Slack reveals that she failed to respond to the objections because she did not know the objections were "imbedded in [Shreve's] reply" and "a Reply is not calendared in a law firm and was not calendared in Slack's attorneys' law firm for a response or opposition." Based on our review of the record, regardless of how a response is calendared, the headings and language used in Shreve's reply should have put any reasonable person who read the document on notice that Shreve made specific, legal objections to certain exhibits Slack offered in response to Shreve's motion for summary judgment. There is no rule prohibiting making objections in such a reply. Indeed, a longstanding rule dictates that a filing's substance governs over its title or form. *See State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also In re J.Z.P.*, 484 S.W.3d 924, 924–25 (Tex. 2016). Slack describes the objections in Shreve's reply as "imbedded," ostensibly suggesting that Shreve intended to make his objections surreptitiously. Yet, based on our review of the record, the objections appear within the reply under the boldfaced, underscored heading, "**Objections to Slack's Proof**." The objections are divided into two, boldfaced subheadings: "**Hearsay Objections**" and "**Relevance Objections**." Under each subheading is a bullet-point listing of each, numbered exhibit from Slack's response to which Shreve objects. The objections comprise three pages of the seven-page reply. Based on our review of the record, we conclude that a reader who made even the most cursory perusal of the entirety of Slack's reply should have taken note of Shreve's objections. The fact that Shreve's reply apparently was "calendared" based on its title alone without any review of the filing's substance, regardless of the suggestion, both in Slack's brief and at oral argument, that such a practice is commonplace, cannot overcome the trial court's decision to sustain Shreve's unchallenged objections, which so obviously were set forth in his reply.

Based on the foregoing, we hold that the trial court did not abuse its discretion in sustaining Shreve's objections to Slack's summary-judgment evidence. Slack's third issue is overruled.

### DENIAL OF MOTION FOR NEW TRIAL BASED ON "PONZI SCHEME" ALLEGATIONS

In her first issue, Slack argues that the trial court abused its discretion in failing to grant her motion for new trial "based on a Ponzi Scheme Shreve actively participated in and profited

from with his undisclosed[,] former[,] business co-owners in SunRay Operating Company, Inc[.], including Carlson, Jackson[,] and Blair."

"We review a trial court's denial of a motion for new trial under an abuse of discretion standard." **Storck v. Tres Lagos Prop. Owners Ass'n, Inc.**, 442 S.W.3d 730, 741 (Tex. App.–Texarkana 2014, pet. denied). The trial court's decision may not be overturned unless it "acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." **Id.** at 741–42.

A "Ponzi scheme" is an investment fraud wherein investors are enticed with the promise of extremely high returns or dividends over a very short period of time. **Goldstein v. Mortenson**, 113 S.W.3d 769, 773 n.1 (Tex. App.–Austin 2003, no pet.). Investors are paid "from monies obtained from later investors rather than from profits of the underlying business venture." **Id.** "The scheme takes its name from Charles Ponzi, who in the late 1920s was convicted and punished for fraudulent schemes he conducted in Boston." **Id.**

Slack's allegations related to a "Ponzi scheme" fall under the umbrella of common-law fraud. *See id.*; *see also, e.g.*, **Janvey v. Golf Channel, Inc.**, 487 S.W.3d 560, 563 (Tex. 2016) (Ponzi scheme is fraudulent endeavor). But any common-law fraud claim Slack may have had against Shreve previously and appropriately was dismissed on limitations grounds. *See* **Slack**, 2023 WL 2417971, at \*4; *see also* **Briscoe v. Goodmark Corp.**, 102 S.W.3d 714, 716 (Tex. 2003) ("law of the case" doctrine defined as principle under which questions of law decided on appeal to court of last resort will govern case throughout its subsequent stages). Therefore, because the trial court previously determined that limitations barred any common-law fraud cause of action Slack may have had against Shreve, and this court affirmed that decision, we hold that the trial court did not abuse its discretion in declining to grant Slack's motion for new trial based on her allegations related to Shreve's involvement in an alleged Ponzi scheme. *See* **Slack**, 2023 WL 2417971, at \*4; *see also* **Briscoe**, 102 S.W.3d at 716. Slack's first issue is overruled.

### FAILURE TO HOLD HEARING ON MOTION FOR NEW TRIAL AND FAILING EXPRESSLY TO RULE

In her fifth issue, Slack argues that the trial court abused its discretion by allowing her motion for new trial to be overruled by operation of law without conducting a hearing on the motion, wherein she requested leave to file a response to Shreve's evidentiary objections to her summary-judgment evidence.

Ordinarily, a trial court is not required to hold an evidentiary hearing on a motion for new trial. *See Jefa Co., Inc. v. Mustang Tractor and Equipment Co.*, 868 S.W.2d 905, 909 (Tex. App.–Houston [1st Dist.] 1994, writ denied). Nor is a trial court required expressly to rule on a motion for new trial. *See* TEX. R. CIV. P. 329b(c); *In re Dixon*, 346 S.W.3d 906, 910 (Tex. App.–Tyler 2011, no pet.) (trial court not required to rule on motions for new trial because passage of time may serve to overrule a new trial motion by operation of law).

The only circumstances under which a hearing is required on a party's motion for new trial is when the motion alleges (1) jury misconduct, (2) newly-discovered evidence, or (3) the failure to set aside a default judgment. *See* TEX. R. CIV. P. 324(b)(1) (point required to be made in motion for new trial on complaint on which evidence must be heard, such as jury misconduct, newly discovered evidence, or failure to set aside default judgment); *Hendricks v. Barker*, 523 S.W.3d 152, 157 (Tex. App.–Houston [14th Dist.] 2016, no pet.). Slack's motion for new trial raised no such issues. And even if she had urged the trial court to consider newly-discovered evidence, since her motion challenged the trial court's grant of summary judgment, any such evidence or argument Slack sought to present was required to be urged by written submission in accordance with Texas Rule of Civil Procedure 166a, which precludes live testimony. *See* TEX. R. CIV. P. 166a(c); *cf. B. Gregg Price, P.C. v. Series 1 - Virage Master, LP*, No. 01-20-00474-CV, 2021 WL 3204753, at *16 (Tex. App.–Houston [1st Dist.] July 29, 2021) (mem. op.), *rev'd on other grounds*, 661 S.W.3d 419 (Tex. 2023). Therefore, we hold that the trial court did not abuse its discretion by failing to conduct a hearing on Slack's motion for new trial or allowing it to be overruled by operation of law. Slack's fifth issue is overruled.

### FAILURE TO CONDUCT HEARING ON SUMMARY-JUDGMENT MOTION

In her fourth issue, Slack argues that the trial court denied her due process by "taking away [her] property interest involving oil and gas leases" without conducting a hearing on the merits, which she requested pursuant to Smith County Local Rule 2.7.

Texas Rule of Civil Procedure 166a(c) calls for a hearing on a motion for summary judgment. TEX. R. CIV. P. 166a(c). However, "not every hearing called for under every rule of civil procedure necessarily requires an oral hearing." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998); *Harpole v. Rains Cty. Appraisal Dist.*, No. 12-22-00221-CV, 2023 WL 3510829, at *5 (Tex. App.–Tyler May 17, 2023, no pet.) (mem. op.). Unless required

by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *Harpole*, 2023 WL 3510829, at \*5. An oral hearing on a motion for summary judgment may be helpful to the parties and the court, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment, an oral hearing is not mandatory. *Id.*; *see* TEX. R. CIV. P. 166a(c). The decision of whether to grant an oral hearing on a summary-judgment motion is purely within the discretion of the trial judge. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 677 (Tex. App.–Houston [14th Dist.] date), *writ denied per curiam*, 864 S.W.2d 491 (Tex. 1993). Pursuant to Rule 166a, the trial court may determine the merits of the summary-judgment action based only upon the pleadings, discovery responses, sworn affidavits, and other valid evidence submitted as grounds for granting or denying the motion. *See* TEX. R. CIV. P. 166a(c). An oral hearing on summary judgment is little more than argument of counsel, and a trial court's failure to conduct such a proceeding upon request of a party is not reversible error. *See Harpole*, 2023 WL 3510829, at \*5; *Giese v. NCNB Texas Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex. App.–Dallas 1994, no pet.).

Smith County Local Rule 2.7 does not limit the trial court's discretion to hear summary-judgment motions by written submission. *See* Smith Cty. Loc. R. 2.7. Rather, it sets the procedure for requesting a discretionary, oral argument. *See id.* (stating that any party desiring oral argument must include written request in its motion or response).

Even assuming arguendo that Slack had real-property interests at stake in this case, she cites no authority which requires a trial court to conduct an oral hearing on a motion for summary judgment in a case which involves real-property interests, nor is this court aware of any such authority. Therefore, we hold that the trial court did not abuse its discretion in ruling on Shreve's motion for summary judgment without conducting an oral hearing thereon. Slacks' fourth issue is overruled.

### FAILURE TO GRANT MOTION TO CONSOLIDATE AND MOTION FOR REJOINDER

In her second issue, Slack argues that the trial court abused its discretion by denying her motion to consolidate her sole cause of action on remand with the case pending against other defendants. In her eighth issue, she contends that the trial court abused its discretion in denying

14

her "Motion to Joinder Shreve back into the lead case with Carlson, Jackson, and Blair," who are his undisclosed former co-owners in SunRay Operating.

Slack makes no argument in support of either her second or eighth issues. *See* TEX. R. APP. P. 38.1(i). Further, Slack offers no record citations or citation to authority in her brief with regard to either a motion to consolidate or a motion for joinder. *See id.* Based on our review of the record, we conclude that it contains no such motions; the only related document is the trial court's order denying Slack's motion for joinder.[8] Slack's initial statement of these issues and a conclusory statement in the final sentences of her brief that the interconnected nature of this matter "with the undisclosed Ponzi Scheme" makes joinder of the two cases appropriate, are the only references made to the issues.

We reiterate that merely uttering brief, conclusory statements, which are unsupported by citation to legal authorities, does not satisfy briefing requirements. *See In re A.N.G.*, 631 S.W.3d at 476–77. We have no duty or right to perform an independent review of the record and applicable law to determine whether there was error. *See id.*; *see also Redmon v. Griffith*, 202 S.W.3d 225, 241 (Tex. App.–Tyler 2006, pet. denied). Thus, because Slack wholly failed to provide citations, arguments, or the most basic analysis, she provides nothing for us to review and has waived these issues. Slack's second and eight issues are overruled.

### DISPOSITION

Having overruled Slack's issues one through eight, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Griffith, Retired J., Twelfth Court of Appeals, sitting by assignment.*

---

[8] This order was entered after the trial court granted Shreve's motion for summary judgment. As the order states, because the court "has granted the Shreve Motion for Summary Judgment pending in the severed cause . . . there is no longer any case to 'join' back with [t]he original cause[.]"

15



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00014-CV**

**MARCIA SLACK,**
Appellant
V.
**ROBERT CHARLES SHREVE, JR.,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 19-3131-A/S)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, Marcia Slack, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Griffith, Retired J., Twelfth Court of Appeals, sitting by assignment.*